IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:25-cr-00057

JAMES LOMAX,

           Defendant.

**ORDER**

On the 23rd day of April 2025, came the Defendant, James Lomax, in person and by counsel, Gabriele Wohl, and also came the United States by Andrew Tessman, AUSA, for the purpose of the Defendant's entry of a plea of guilty to the charge contained in the single-count Information filed against him.

The Court inquired of the Defendant, both personally and through counsel, to determine the Defendant's competency. The Court found the Defendant competent and capable of entering an informed plea.

Mr. Tessman summarized and offered for the Court's consideration the entirety of the written plea agreement in this case signed by both the Defendant and his counsel. The Court reserved acceptance of the plea agreement until sentencing but ordered the original plea agreement filed with the Clerk.

The Defendant waived the reading of the Information. The Court inquired as to the Defendant's plea. The Defendant then pled guilty to the charge contained in the single-count Information.

The Court inquired, pursuant to the requirements of *Fed. R. Crim. P.* 7(b), regarding the Defendant's understanding of his right to require the United States to proceed by way of indictment. After thorough explanation by the Court of his right to indictment, the Defendant executed a Waiver of Indictment which was witnessed by his counsel and ordered filed by the Court. After considering the Defendant's responses to inquiries made by the Court, the Court found that the Defendant had made a knowing, voluntary, and intelligent waiver of the right to proceed by way of indictment.

The Court read the pertinent portion of 18 U.S.C. § 641 and explained the elements that the United States would have had to prove had this matter gone to trial. After hearing and considering the Defendant's explanation of why he considered himself guilty and the proffer of the United States, and having considered the parties' Stipulation, the Court found that there was a sufficient factual basis for the Defendant's plea of guilty.

The Court further informed the Defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(1), about the nature of the charge and the consequences of pleading guilty to the charge. After thoroughly explaining these issues and hearing and considering the Defendant's responses to the Court's questions, the Court found that the Defendant understood the nature of the charge and the consequences of pleading guilty.

The Court also informed the Defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(3), (c)(4), of the constitutional and other legal rights the Defendant was giving up by

pleading guilty. After thoroughly explaining these issues and hearing and considering the Defendant's responses to the Court's questions, the Court found that the Defendant understood his constitutional and other legal rights.

The Court then inquired of the Defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(d), to insure that the Defendant's plea was voluntary. After hearing and considering the Defendant's responses to the Court's questions, the Court found that the Defendant's plea was voluntary.

The Defendant executed a written plea of guilty which was witnessed by his counsel and ordered filed by the Court. The Court accepted the Defendant's plea. Accordingly, the Court **ADJUDGES** the Defendant, James Lomax, guilty, and the Defendant now stands convicted of violating 18 U.S.C. § 641.

The Court **ORDERS** that the Probation Office prepare and forward a draft presentence report to the United States and counsel for the Defendant no later than **June 18, 2025**; that the United States Attorney and counsel for the Defendant file objections to the draft presentence report with the Probation Office no later than **July 2, 2025**; that the Probation Office submit a final presentence report to the Court no later than **July 17, 2025**; and that the United States and counsel for the Defendant file a sentencing memorandum no later than **July 24, 2025**. **THE AFORESAID PRESENTENCE REPORT DEADLINES HAVE BEEN ESTABLISHED BY THE COURT AND MAY BE ALTERED ONLY BY THE COURT. REQUESTS TO EXTEND ANY DEADLINE SHALL BE SUBMITTED TO THE COURT IN WRITING IN ADVANCE OF THE ESTABLISHED DEADLINE. SUCH DEADLINES WILL BE EXTENDED ONLY UPON GOOD CAUSE SHOWN.**

Pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005), the United States and the Defendant are hereby **ORDERED** to file a Sentencing Memorandum addressing the sentencing factors set forth in 18 U.S.C. § 3553(a) as may pertain to this case. The Sentencing Memorandum may also address such other matters not previously addressed in the form of motions or objections to the Presentence Report and may include argument as to the appropriate sentence to be imposed. Sentencing Memoranda shall be no more than five (5) pages in length.

The Court **ORDERS** that final disposition of this matter be scheduled for **August 7, 2025, at 10:00 a.m.**, and that the Defendant be released upon execution of a $10,000 personal recognizance bond, subject to the standard conditions of release in this district. In addition, the Court **ORDERS** the Defendant to comply with the following special condition of release: The Defendant shall appear for sentencing on August 7, 2025, at 10:00 a.m.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:　　April 23, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA